IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

TWIN CITY FIRE INSURANCE COMPANY
a subsidiary of HARTFORD INSURANCE
COMPANY, aso Get Well Network, Inc. and
Jeffrey P. Gareau,

         Plaintiff,

vs.

THE UNITED STATES OF AMERICA,

         Defendant.

_____/

## COMPLAINT

Plaintiff, TWIN CITY FIRE INSURANCE COMPANY, a subsidiary of HARTFORD INSURANCE COMPANY, as subrogee of Get Well Network, Inc. and Jeffrey P. Gareau, by and through undersigned counsel, sues Defendant, THE UNITED STATES OF AMERICA and alleges the following:

### Jurisdictional and General Allegations

1.      This is an action brought pursuant to The Federal Tort Claim Act (FTCA), 28 U.S.C. §1346(b), §1402(b), §2401(b) and §2671-2680.

2.      Defendant is amenable to suit pursuant to 28 U.S.C. §§1346 (b) and 2671-2680 of the FTCA.

3.      Jurisdiction over this action is conferred upon this court by 28 U.S.C. §1346 (b). Venue in this court is proper under 28 U.S.C. §1402(b).

4.      This complaint is filed within the proper time for commencing an action against the United States pursuant to 28 U.S.C. §2401(b).

5.      On July 3, 2014 and on August 11, 2014 plaintiff presented written notice to The United States Veterans Affairs, Office of Regional Counsel setting forth plaintiff's claim for damages in the amount of $83,000. See, attached **EXHIBITS A and B.**  On November 17, 2014 Plaintiff received notification of the denial of Plaintiff's administrative claim. See attached **EXHIBIT C.**

6.      This action is a premises liability action in which damages claimed are in excess of $15,000, exclusive of attorney's fees and costs, which occurred on property owned by the United States of America in the possession, use and control of the United States Department of Veterans Affairs and which is located at 1300 Bruce B. Downs Blvd., Tampa, FL Tampa, Florida (hereafter, the "premises").  Accordingly, pursuant to 28 U.S.C. §1346(b)(1), the substantive law of the State of Florida governs this action and venue is proper with this Court.

## Statement Of Facts

7.      On August 13, 2013, Jeffrey P. Gareau was in the course and scope of his employment with Get Well Network, Inc., a contractor performing work for the Department of Veterans Affairs at the premises.  Accordingly, on the above date Jeffrey P. Gareau was a business invitee on the premises.

8.      On or about August 13, 2013, Jeffrey P. Gareau while in the course and scope of employment with Get Well Network, Inc. was injured due to an unsafe and unreasonably dangerous condition existing on the premises in the form of a glass or plexiglass lighting fixture cover inset into the sidewalk of the walkway provided for pedestrians at the premises. The glass/plexiglass cover contains no raised etching or skid resistance as would typically be found on objects that pedestrians are expected to walk on and that may become slippery when wet. During a rainstorm, Jeffrey P. Gareau traversed the area in question, stepping on the

glass/plexiglass lighting cover.  As the glass/plexiglass lighting cover had become unsafe and slippery due to the rain, Jeffrey P. Gareau was caused to slip, falling and sustaining injury.

## COUNT I
## Claim for Negligence against Defendant Pursuant to §440.39, Fla. Stat.

9.     At all times material hereto, Get Well Network, Inc. possessed a policy of Workers' Compensation Insurance (the "policy") issued by the Plaintiff.   This insurance was in full force and effect and provided coverage for the above incident.

10.     As a result of the above incident, to Jeffrey P. Gareau suffered bodily injury resulting in medical care and treatment and wage loss for which he was entitled to recover for under the workers' compensation insurance policy and pursuant to Chapter 440 of Florida Statutes, Florida Workers' Compensation Act.  As Jeffrey P. Gareau was in the course and scope of his employment duties when the incident occurred, he subsequently made a workers' compensation claim to Hartford pursuant to Chapter 440 Florida statutes.

11.     As a result of the above claim, Plaintiff, pursuant to Florida workers' compensation law, has paid workers' compensation benefits to Jeffrey P. Gareau on behalf of his employer, Get Well Network, Inc.  Therefore, pursuant to §440.39, Florida Statutes, Plaintiff is entitled to make this claim for reimbursement of all workers' compensation benefits paid to Jeffrey P. Gareau.

12.      Plaintiff has provided pre-suit notice pursuant to §440.39(4)(a), Fla. Stat. and therefore, is entitled to bring this subrogation action in its own name and right under that statute. See, 30-Day Notice Letter to Jeffrey P. Gareau attached hereto as **EXHIBIT D.**

13.     Under Florida law, a business owner owes a nondelegable duty to maintain its premises in a reasonably safe condition for invitees. See, *Pembroke Lakes Mall Ltd. v. McGruder*, 137 So. 3d 418 (Fla. 4th DCA 2014).  Additionally, where the unsafe condition

alleged was created by the defendant or its employees, constructive notice is presumed and not required to be proven by a plaintiff. See, *Food Fair Stores, Inc. v. Moroni*, 113 So.2d 275 (Fla. 2d DCA 1959); and *Barbour v. Brinker Fla.*, 801 So.2d 953 (Fla. 5th DCA 2001).

14.     That Defendant breached the above duty of care and was negligent in one or more of the following ways:

    a.     created the unsafe condition that existed;

    b.     failed to inspect the premises for unsafe conditions;

    c.     failed to warn the employee of the unsafe condition;

    d.     failed to prevent access to the unsafe area;

    e.     failed to correct the unsafe condition after notice of it within a reasonable time.

15.     That the unsafe condition which caused Jeffrey P. Gareau's injuries, was either created by Defendant, its agents or employees, or existed for sufficient amount of time such that Defendant knew or should have known of the condition.

16.     That at all times material hereto Defendant is vicariously liable for the acts of its agents and/or employees.

17.     As a direct and proximate result of the Defendant's negligence, Jeffrey P. Gareau, suffered bodily injury resulting in medical care and treatment and wage loss for which he was entitled to recover for under the policy and pursuant to Chapter 440, the Florida Workers' Compensation Act.

18.     As a direct and proximate result of the negligence of the Defendant, pursuant to Chapter 440, the Florida Workers' Compensation Act, Plaintiff has paid workers' compensation insurance benefits to employee, Jeffrey P. Gareau, on behalf of his employer and is entitled to reimbursement pursuant to §440.39, Florida Statutes.

19.    All payments made by Plaintiff were fair and reasonable under the circumstances, made pursuant to Chapter 440, the Florida Workers' Compensation Act and therefore, not the act of a volunteer.

**WHEREFORE,** Plaintiff, TWIN CITY FIRE INSURANCE COMPANY, requests judgment be entered against Defendant, UNITED STATES OF AMERICA for compensatory damages, pre-judgment interest and costs and such further relief deemed appropriate by this Honorable Court.

DATED this _____ of February, 2015.

/s/ Joseph P. D'Ambrosio

_____

JOSEPH P. D'AMBROSIO
FBN:  755710
**LAW OFFICE OF JOSEPH P. D'AMBROSIO, P.A.**
*The Addison*
6274 Linton Blvd., Suite 100
Delray Beach, FL  33484
Telephone:  (561) 989-8878
Facsimile:   (561) 989-8857
jdambrosio@dambrosiolaw.net

# LAW OFFICE OF
# JOSEPH P. D'AMBROSIO, P.A.

### ATTORNEY AT LAW

*The Addison*
*6274 Linton Blvd., Suite 100*
*Delray Beach, Florida 33484*

*Joseph P. D'Ambrosio, J.D., LL.M.*
*\*Admitted to practice in Florida and South Carolina*

*Phone (561) 989-8878*
*Fax (561) 989-8857*

Email: dambrosiolaw@bellsouth.net

July 3, 2014

**VIA FEDERAL EXPRESS 2-DAY DELIVERY**
UNITED STATES VETERANS AFFAIRS CLAIM DEPARTMENT
**ATTN: LEGAL DEPARTMENT/CLAIM REPRESENTATIVE**
13000 Bruce B. Downs Boulevard
Tampa, FL  33612

      Re:    ***Incident Involving Jeffrey P. Gareau***
            Claimant           :  Hartford Insurance Company
            Date of Incident    :  August 21, 2013
            Location of Incident  :  13000 Bruce B. Downs Blvd., Tampa, FL
            DOB               :  10/14/1952

Dear Sir or Madam:

      This law firm represents Hartford Insurance Company in the above claim. The Hartford's claim is in the nature of a workers' compensation subrogation claim. On the date of incident listed above, Jeffrey P. Gareau was in the course and scope of his employment when he suffered injury arising out of an unsafe condition existing in the front of the United States Department of Veteran Affairs Building located at the above address. As the workers' compensation insurance carrier for Mr. Gareau's employer, The Hartford has paid workers' compensation benefits to Mr. Gareau related to the incident. The Hartford is entitled to bring this subrogation action pursuant to §440.39, Fla. Stat. and the Federal Tort Claims Act, 28 U.S.C. § 1346(b).  In connection with the claim enclosed please find the following:

      ➢  Fully completed and signed Standard Form 95;
      ➢  Medical records of Jeffrey P. Gareau (on CD in PDF format);
      ➢  Addendum to Standard Form 95

      Future communication regarding this claim should be sent to: The Law Office of Joseph P. D'Ambrosio, 6274 Linton Blvd., Suite 100, Delray Beach, FL 33484.



EXHIBIT "A"

Letter to U.S. Department of Veterans Affairs
Re: Hartford aso Jeffrey P. Gareau
July 3, 2014
Page 2

     This letter shall serve as a formal request for you to take whatever steps are necessary to preserve all physical evidence (including, but not limited to, the cover of the decorative lighting involved, any film, photographs, videotapes, recorded statements and documentary evidence) in connection with the incident as it may be evidence in a lawsuit on my client's behalf.  At your earliest convenience please contact the undersigned and advise if such evidence exists and to make arrangements for copying of same.  Please also contact the undersigned to arrange a date and time to conduct an inspection.  Ignoring this request may subject you to an action for Spoliation of Evidence.  Should you have any questions or wish to discuss this matter further, please contact me.

Very truly yours,

JOSEPH P. D'AMBROSIO, ESQ.

JPD/
Enclosures – as stated above
cc:    Ms. Cheryl Lacy

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: U.S. Department of Veteran Affairs | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. Claimant- The Hartford Insurance Company as subrogee of Jeffrey P. Gareau, c/o law of Joseph P. D'Ambrosio, P.A., 6274 Linton Blvd., Suite#100, Delray Beach, FL 33484 |
|---|---|

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH 10/14/1952 | 5. MARITAL STATUS Married | 6. DATE AND DAY OF ACCIDENT 08/21/2013   Tuesday | 7. TIME (A.M. OR P.M.) 4:15 P.M. |
|---|---|---|---|---|

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

Personal injury subrogation claim- Jeffrey P. Gareau was caused to fall by a dangerous at the property located at 13,000 Bruce B Down Blvd., Tampa FL in the possession and control of the United States Department of Veteran Affairs and operated as a VA Hospital. The dangerous condition consisted of a glass/plexiglas cover over decorative lighting inset into the sidewalk used to traverse by pedestrians. (Information continue on Addendum attached hereto).

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

NONE

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

NONE

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Fractured hip and related sequelae. See attached medical records.

| 11. | WITNESSES | |
|---|---|---|
| | NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
| | | |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| 0.00 | 83,000.00 | 0.00 | 83,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM (561) 989-8878 | 14. DATE OF SIGNATURE |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001). |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident Insurance?  [X] Yes    If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. [ ] No

The injured party was covered by his employers workers' compensation policy and made a workers compensation claim. The name of the workers composition carrier is The Hartford, 6274 Linton Blvd., Suite 100 Delray Beach, FL 33484. The Hartford is a claimant in this matter and is making a subrogation claim against the US Department of Veterans Affairs.

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? [ ] Yes [X] No    17. If deductible, state amount.

See response to number 15.

0.00

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

NONE

19. Do you carry public liability and property damage insurance? [ ] Yes  If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). [X] No

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident.  If the incident involves more than one claimant, each claimant should submit a separate claim form.

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid.  A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A.   Authority:  The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B.   Principal Purpose:  The information requested is to be used in evaluating claims.
C.   Routine Use:  See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D.   Effect of Failure to Respond:  Disclosure is voluntary.  However, failure to supply the requested information or to execute the form may render your claim "invalid."

### PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501.  Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention:  Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC  20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

ADDENDUM TO FORM 95-109

CLAIMANT: THE HARTFORD INSURANCE COMPANY AS SUBROGEE OF JEFFREY P. GARREAU

8. (Cont'd )

The glass/plexiglass lighting cover is inset into the sidewalk at the building owned or in the possession and control of the United States Department Of Veterans Affairs and is believed to be used to provide decorative lighting on columns located at one of the entrances to the buildings in the Veterans Affairs complex.

On the date of the incident, Jeffrey P. Gareau was in the course and scope of his employment with Get Well Network, Inc., a contractor performing work for the Department of Veterans Affairs.

The glass/plexiglass cover contains no raised etching or skid resistance as would typically be found on objects that pedestrians are expected to walk on and that may become slippery when wet. During a rainstorm, Jeffrey P. Gareau traversed the area in question, stepping on the glass/plexiglass lighting cover. As the glass/plexiglass lighting cover had become unreasonably dangerous and slippery due to the rain, Jeffrey P. Gareau was caused to slip, falling and fracturing his hip.  The incident was entirely foreseeable as the glass/plexiglass cover was located in an area well traversed by pedestrians and given the frequency of rain in the area. Jeffrey P. Gareau was in the course and scope of his employment duties when the incident occurred and subsequently made a workers' compensation claim to Hartford pursuant to Chapter 440 Florida statutes. The Hartford, pursuant to Florida workers' compensation law, paid workers' compensation benefits to Jeffrey P. Gareau as a result of the incident. Pursuant to section 440.39 Florida Statutes, The Hartford is entitled to make a subrogation claim and file a subrogation action to recover the workers' compensation benefits paid to Jeffrey P. Gareau arising from this incident.

# LAW OFFICE OF
# JOSEPH P. D'AMBROSIO, P.A.

### ATTORNEY AT LAW
*The Addison*
*6274 Linton Blvd., Suite 100*
*Delray Beach, Florida 33484*

*Joseph P. D'Ambrosio, J.D., LL.M.*
*\*Admitted to practice in Florida and South Carolina*

*Phone (561) 989-8878*
*Fax (561) 989-8857*

Email: jdambrosio@dambrosiolaw.net

August 11, 2014

**VIA FEDERAL EXPRESS 2-DAY DELIVERY**
UNITED STATES VETERANS AFFAIRS
Office of Regional Counsel
ATTN: LORETTA A. SHILLING
Franklin Templeton Building
140 Fountain Pkwy., Suite 520
St. Petersburg, FL 33716

Re:  ***Incident Involving Jeffrey P. Gareau***
Claimant              :  Hartford Insurance Company
Date of Incident      :  August 21, 2013
Location of Incident  :  1300 Bruce B. Downs Blvd., Tampa, FL
DOB                   :  10/14/1952

Dear Ms. Shilling:

Pursuant to your letter dated July 14, 2014, enclosed please find the ("perfected") Standard Form 95 (SF-95) (administrative tort claim) signed and dated for you to consider and file the claim.

Should you have any questions or wish to discuss this matter further, please do not hesitate and contact our office at (561) 989-8878.

Very truly yours,

JOSEPH P. D'AMBROSIO, ESQ.

JPD/
Enclosures – as stated above
cc:    Ms. Cheryl Lacy


EXHIBIT "B"

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| U.S. Department of Veteran Affairs | Claimant- The Hartford Insurance Company as subrogee of Jeffrey P. Gareau, c/o law of Joseph P. D'Ambrosio, P.A., 6274 Linton Blvd., Suite#100, Delray Beach, FL 33484 |

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH 10/14/1952 | 5. MARITAL STATUS Married | 6. DATE AND DAY OF ACCIDENT 08/21/2013    Tuesday | 7. TIME (A.M. OR P.M.) 4:15 P.M. |
|---|---|---|---|---|

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary)

Personal injury subrogation claim- Jeffrey P. Gareau was caused to fall by a dangerous at the property located at 13,000 Bruce B Down Blvd., Tampa FL in the possession and control of the United States Department of Veteran Affairs and operated as a VA Hospital. The dangerous condition consisted of a glass/plexiglas cover over decorative lighting inset into the sidewalk used to traverse by pedestrians. (Information continue on Addendum attached hereto).

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

NONE

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

NONE

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Fractured hip and related sequelae. See attached medical records.

| 11. | WITNESSES |
|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|  |  |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| 0.00 | 83,000.00 | 0.00 | 83,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM (561) 989-8878 | 14. DATE OF SIGNATURE 08/07/2014 |
|---|---|---|

*John P. D'Ambrosio As Attorney in Fact for Hartford Insurance Company*

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| Authorized for Local Reproduction Previous Edition is not Usable | NSN 7540-00-634-4046 | STANDARD FORM 95 (REV. 2/2007) PRESCRIBED BY DEPT. OF JUSTICE 28 CFR 14.2 |
|---|---|---|

95-109

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident Insurance?   [X] Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   [ ] No

The injured party was covered by his employers workers' compensation policy and made a workers compensation claim. The name of the workers composition carrier is The Hartford, 6274 Linton Blvd., Suite 100 Delray Beach, FL 33484. The Hartford is a claimant in this matter and is making a subrogation claim against the US Department of Veterans Affairs.

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?   [ ] Yes   [X] No     17. If deductible, state amount.

See response to number 15.

0.00

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

NONE

19. Do you carry public liability and property damage insurance?   [ ] Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   [X] No

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
 A. Authority: The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. Principal Purpose: The information requested is to be used in evaluating claims.
C. Routine Use: See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. Effect of Failure to Respond: Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

# LAW OFFICE OF
# JOSEPH P. D'AMBROSIO, P.A.

### ATTORNEY AT LAW

*The Addison*
*6274 Linton Blvd., Suite 100*
*Delray Beach, Florida 33484*

*Joseph P. D'Ambrosio, J.D., LL.M.*

*Phone (561) 989-8878*
*Fax (561) 989-8857*

*Email: dambrosiolaw@bellsouth.net*

June 25, 2014

**VIA FEDERAL EXPRESS 2-DAY DELIVERY**
UNITED STATES VETERANS AFFAIRS CLAIM DEPARTMENT
**ATTN: CLAIM REPRESENTATIVE**
9800 W. Commercial Blvd.
Sunrise, FL 33351

Re:   *Incident Involving Jeffrey P. Gareau*
    Claimant            :   Hartford Insurance Company
    Date of Incident     :   August 21, 2013
    Location of Incident   :   1300 Bruce B. Downs Blvd., Tampa, FL
    DOB                  :   10/14/1952

Dear Sir or Madam:

      This law firm represents Hartford Insurance Company in the above claim. The Hartford's claim is in the nature of a workers' compensation subrogation claim. On the date of incident listed above, Jeffrey P. Gareau was in the course and scope of his employment when he suffered injury arising out of an unsafe condition existing in the front of the United States Department of Veteran Affairs Building located at the above address. As the workers' compensation insurance carrier for Mr. Gareau's employer, The Hartford has paid workers' compensation benefits to Mr. Gareau related to the incident. The Hartford is entitled to bring this subrogation action pursuant to §440.39, Fla. Stat. and the Federal Tort Claims Act, 28 U.S.C. § 1346(b).  In connection with the claim enclosed please find the following:

➢ Fully completed and signed Standard Form 95;
➢ Medical records of Jeffrey P. Garreau (on CD in PDF format);
➢ Addendum to Standard Form 95

      Future communication regarding this claim should be sent to: The Law Office of Joseph P. D'Ambrosio, 6274 Linton Blvd., Suite 100, Delray Beach, FL 33484.

Letter to U.S. Department of Veterans Affairs
Re: Hartford aso Jeffrey P. Gareau
June 25, 2014
Page 2

      This letter shall serve as a formal request for you to take whatever steps are necessary to preserve all physical evidence (including, but not limited to, the cover of the decorative lighting involved, any film, photographs, videotapes, recorded statements and documentary evidence) in connection with the incident as it may be evidence in a lawsuit on my client's behalf. At your earliest convenience please contact the undersigned and advise if such evidence exists and to make arrangements for copying of same. Please also contact the undersigned to arrange a date and time to conduct an inspection. Ignoring this request may subject you to an action for Spoliation of Evidence. Should you have any questions or wish to discuss this matter further, please contact me.

      Very truly yours,

      JOSEPH P. D'AMBROSIO, ESQ.

JPD/
Enclosures – as stated above
cc:    Ms. Cheryl Lacy

ADDENDUM TO FORM 95-109

CLAIMANT: THE HARTFORD INSURANCE COMPANY AS SUBROGEE OF JEFFREY P. GARREAU

8. (Cont'd )

The glass/plexiglass lighting cover is inset into the sidewalk at the building owned or in the possession and control of the United States Department Of Veterans Affairs and is believed to be used to provide decorative lighting on columns located at one of the entrances to the buildings in the Veterans Affairs complex.

On the date of the incident, Jeffrey P. Gareau was in the course and scope of his employment with Get Well Network, Inc., a contractor performing work for the Department of Veterans Affairs.

The glass/plexiglass cover contains no raised etching or skid resistance as would typically be found on objects that pedestrians are expected to walk on and that may become slippery when wet. During a rainstorm, Jeffrey P. Gareau traversed the area in question, stepping on the glass/plexiglass lighting cover. As the glass/plexiglass lighting cover had become unreasonably dangerous and slippery due to the rain, Jeffrey P. Gareau was caused to slip, falling and fracturing his hip.  The incident was entirely foreseeable as the glass/plexiglass cover was located in an area well traversed by pedestrians and given the frequency of rain in the area. Jeffrey P. Gareau was in the course and scope of his employment duties when the incident occurred and subsequently made a workers' compensation claim to Hartford pursuant to Chapter 440 Florida statutes. The Hartford, pursuant to Florida workers' compensation law, paid workers' compensation benefits to Jeffrey P. Gareau as a result of the incident. Pursuant to section 440.39 Florida Statutes, The Hartford is entitled to make a subrogation claim and file a subrogation action to recover the workers' compensation benefits paid to Jeffrey P. Gareau arising from this incident.



**THE HARTFORD**

August 6, 2014

UNITED STATES VETERANS AFFAIRS
Office of Regional Counsel
ATTN: LORETTA A. SHILLING
Franklin Templeton Building
140 Fountain Pkwy., Suite 520
St. Petersburg, FL 33716

RE:   *INCIDENT INFOLVING JEFFREY P. GAREAU*
     Claimant:          Hartford insurance Company
     Date of Incident:     August 21, 2013
     Location of Incident:  1300 Bruce B. Downs Blvd., Tampa, FL
     DOB:             10/14/1952

Dear Ms. Shilling:

This shall serve to advise that The Hartford has retained the Law Firm of Joseph P. D'Ambrosio, P.A. to represent it in the above claim and that Attorney, Joseph P. D'Ambrosio is fully authorized to sign the submitted Standard Form 95 on behalf of The Hartford.

Should you have any questions or wish to discuss this matter further please contact attorney Joseph P. D'Ambrosio at 561-989-8878.

Sincerely,

Cheryl Lacy
Subrogation Specialist
The Hartford P&C Claim
SEWCCC
P.O. Box 14473
Lexington, KY 40512
Direct: 407-562-3457
Phone: 877-673-9222 ext. 4075623457
Fax : 860-723-4254
Email: cheryl.lacy@thehartford.com

Cc:   Mr. Joseph P. D'Ambrosio

FC02584 (11/05)          YKT42447C          - 1 -



**U.S. DEPARTMENT OF VETERANS AFFAIRS**
**Office of Regional Counsel (02FT)**
**Franklin Templeton Building**
**140 Fountain Parkway, Suite 520**
**St. Petersburg, Florida  33716**
**Phone (727) 540-3900**
**Facsimile (727) 540-3917**

**November 17, 2014**

**CERTIFIED MAIL RETURN RECEIPT REQUESTED**

Joseph P. D'Ambrosio, Esq.                          In Reply Refer To:  SC 7269
Law Office of Joseph P. D'Ambrosio, P.A.
6274 Linton Blvd., Suite 100
Delray Beach, FL  33484

RE:  Denial of FTCA claim filed on behalf of Hartford Insurance/Jeffrey Gareau

Dear Mr. D'Ambrosio:

This is in reference to the Standard Form 95, Claim for Damage, Injury, or Death, you filed on behalf of your client on August 13, 2014, under the provisions of the Federal Tort Claims Act (FTCA).  The claim alleges that the Department of Veterans Affairs (VA) was negligent in causing Mr. Gareau to slip and fall when he stepped on a lighting fixture embedded in the sidewalk.

Mr. Gareau did not notify anyone at the VA of his accident; therefore, it cannot be determined that the incident occurred on VA property.  Furthermore, there have been no other incidents regarding others slipping on the lighting fixture to show that the VA knew or should have known of a hazardous condition.   Our review and analysis of all the circumstances and evidence associated with your client's claim does not find any negligence attributable to the Department of Veterans Affairs; therefore, **your client's claim is denied**.

If your client is dissatisfied with this decision, he may file a request for reconsideration of the claim with the VA General Counsel by any of the following means:

> (1) by mail to the
>         Department of Veterans Affairs
>         General Counsel (021B)
>         810 Vermont Avenue, N.W.
>         Washington, DC 20420;
> (2) by data facsimile (fax) to (202) 273-6385; or
> (3) by electronic mail (e-mail) to OGC.torts@mail.va.gov.



Page 2
Denial of VA FTCA Claim of Hartford Insurance Company/Jeffrey Gareau
Case # SC 7269

To be timely, the VA must <u>receive</u> this request within six months of the mailing of this final denial.  The VA has six months to act on the reconsideration request.

In the alternative, if your client is dissatisfied with the action taken on this claim, he may file suit in accordance with the Federal Tort Claims Act, Sections 1346(b) and 2671-2680, Title 28, United States Code, which provides that a tort claim that is administratively denied may be presented to a Federal district court for judicial consideration.  Such a suit must be initiated within 6 months after the date of the mailing of this notice of final denial as shown by the date of this letter (Section 2401(b), Title 28, United States Code).  If your client initiates such a suit, you are further advised that the proper party defendant is the United States, not VA.

Please note that FTCA claims are governed by a combination of Federal and state laws. Some state laws may limit or bar a claim or law suit.  VA attorneys handling FTCA claims work for the Federal government, and cannot provide advice regarding the impact of state laws or state filing requirements.

Respectfully,


GARY SLEMMENS
Regional Counsel

2

# LAW OFFICE OF
# JOSEPH P. D'AMBROSIO, P.A.

### ATTORNEY AT LAW
*The Addison*
*6274 Linton Boulevard, Suite 100*
*Delray Beach, Florida 33484*

Joseph P. D'Ambrosio, J.D., LL.M.*                    Phone (561) 989-8878
*Admitted to practice in Florida and South Carolina          Fax (561) 989-8857

Email: jdambrosio@dambrosiolaw.net

October 6, 2014

**VIA CERTIFIED MAIL AND U.S. MAIL**

Mr. Jeffrey Gareau
18919 Maisons Dr.
Lutz, FL  33558

     Re:     ***Hartford aso Get Well Network, Inc./Gareau, Jeffrey (YKT 42447 C)***
              Claimant:     Jeffrey Gareau
              Insured  :     Get Well Network
              DOI:     8/21/2013

Dear Mr. Gareau:

This law firm represents The Hartford Insurance Company in connection with their workers' compensation lien rights arising out of the above incident.

Please be advised that §440.39 (4) (a), Fla. Stat. states in pertinent part as follows:

**(4) (a) If the injured employee or his or her dependents, as the case may be, fail to bring suit against such third-party tortfeasor within 1 year after the cause of action thereof has accrued, the employer, if a self-insurer, and if not, the insurance carrier, may, after giving 30 days' notice to the injured employee or his or her dependents and the injured employee's attorney, if represented by counsel, institute suit against such third-party tortfeasor, either in his or her own name** or as provided by subsection (3), and, in the event suit is so instituted, shall be subrogated to and entitled to retain from any judgment recovered against, or settlement made with, such third party, the following: All amounts paid as compensation and medical benefits under the provisions of this law and the present value of all future compensation benefits payable, to be reduced to its present value, and to be retained as a trust fund from which future payments of compensation are to be made, together with all court costs, including



Mr. Jeffrey Gareau
30 Day Notice –Page 2
October 6, 2014

attorney's fees expended in the prosecution of such suit, to be prorated as provided by subsection (3). The remainder of the moneys derived from such judgment or settlement shall be paid to the employee or his or her dependents, as the case may be.

This letter shall serve as notice pursuant to §440.39 (4)(a), Fla. Stat., of the above insurance company's intent to pursue a personal injury subrogation action against any person(s), organization or corporation that may be liable for the incident in recovery of the workers' compensation benefits paid, if a third party liability lawsuit is not filed by you or your attorney within 30 days of the date of this letter. If you have already filed a lawsuit or have an attorney representing you, please advise us as soon as possible.

Very truly yours,

JOSEPH P. D'AMBROSIO

JPD/lcm

cc:    Cheryl Lacy