UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TWIN CITY FIRE INSURANCE
COMPANY,

    Plaintiff,

v.                        Case No. 8:15-cv-441-T-33AEP

UNITED STATES OF AMERICA,
ARCHER WESTERN CONTRACTORS,
LLC, and ARCHER WESTERN
CONSTRUCTION, LLC,

    Defendants.
_____

ARCHER WESTERN CONTRACTORS,
LLC,

    Third-Party Plaintiff,

v.

M.C. DEAN, INC.,

    Third-Party Defendant.
_____/

**<u>ORDER</u>**

    This matter comes before the Court pursuant to Defendant/Third-Party Plaintiff Archer Western Contractors, LLC's "Motion for Good Cause to Reopen Case to Modify Endorsed Order of April 12, 2016 [Docket #124]" (Doc. # 125), filed on June 7, 2016. Third-Party Defendant M.C. Dean, Inc. filed a response in opposition on June 8, 2016. (Doc. # 126).

Plaintiff Twin City Fire Insurance Company also filed a response indicating that, in its estimation, "reopening the main claim is unnecessary and any reopening of the case should only be as to the third-party action on the narrow issue of whether the third-party action has been settled." (Doc. # 127). For the reasons stated below, the Court grants the Motion as provided herein.

I.  **Background**

This action arose when an employee of Twin City's insured slipped and fell on a sidewalk located on property owned by the United States Department of Veterans Affairs. (Doc. # 1 at ¶¶ 6, 9). The insured paid out workers' compensation benefits to the employee and, as subrogee of the insured, Twin City sued the United States. (Id. at ¶¶ 9, 11). The original Complaint brought only one count against the United States for negligence. (Id.).

Thereafter, on Twin City's motion, the Court granted Twin City leave to amend its Complaint. (Doc. ## 30, 34). By its Amended Complaint, Twin City added, in addition to the United States, Archer Western Contractors and Archer Western Construction as defendants. (Doc. # 57).

The United States then moved pursuant to Rule 12(b)(1) to dismiss the claims brought against it. (Doc. # 60). The

Archer-Western Defendants also filed a motion to dismiss brought under Rule 12(b)(6) and, in the alternative, Rule 12(e). (Doc. # 69). Twin City responded to both motions and requested leave to amend its Amended Complaint. (Doc. ## 85, 87). The Court granted Twin City leave to file a Second Amended Complaint, which it did. (Doc. ## 90-91). In light of the Second Amended Complaint, the Court denied the Archer-Western Defendants' motion to dismiss as moot. (Doc. # 92). However, because the United States' challenge to the Court's subject-matter jurisdiction was unaffected by the filing of the Second Amended Complaint, that motion remained pending.

Rather than refiling a motion to dismiss, the Archer-Western Defendants each served an answer to the Second Amended Complaint. (Doc. ## 94-95). Twin City then attempted to voluntarily dismiss Archer Western Construction but, because Archer Western Construction had already served its answer, the Court required a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii). (Doc. ## 96-97). In accordance with the Court's Order and Rule 41(a)(1)(A)(ii), a stipulation of dismissal as to Archer Western Construction was filed, and the claims against Archer Western Construction were dismissed. (Doc. ## 98-99).

Archer Western Contractors subsequently filed its Third-Party Complaint against M.C. Dean. (Doc. # 103). The Third-Party Complaint brought three counts: contractual indemnity (Count I); common law indemnity (Count II); and breach of contract (Count III). (Id.).

The Court held a hearing on February 5, 2016, during which it addressed a myriad of issues. The Court, in particular, granted the United States' motion to dismiss for lack of subject-matter jurisdiction (Doc. ## 109, 118), stayed and administratively closed the case until February 29, 2016, (Doc. # 108), and directed Twin City and Archer Western Contractors to file supplemental memoranda as to whether the Court had jurisdiction to adjudicate the claims brought against Archer Western Contractors (Doc. # 111). Twin City and Archer Western Contractors filed their respective supplemental memoranda as directed. (Doc. ## 113-14).

Archer Western Contractors then filed a return of service on March 10, 2016, indicating M.C. Dean had been served on March 7, 2016. (Doc. # 120). M.C. Dean timely served its answer on March 22, 2016. (Doc. # 121). Twenty-one days later, on April 12, 2016, Archer Western Contractors filed a notice of settlement that stated:

> Defendant, ARCHER WESTERN CONTRACTORS, LLC., hereby gives notice that the parties have reached a settlement of the disputes pending in this litigation and that the cause can be removed from the trial calendar. A Stipulation for Dismissal will be filed as soon as the appropriate releases and other appropriate documents have been completed.

(Doc. # 123). The same day, the Court entered an Order dismissing the case that stated:

> On the basis of the Notice of Settlement, (Doc. # 123), which indicates that this case has been settled, this cause is hereby DISMISSED, without prejudice and subject to the right of the parties, within SIXTY (60) days of the date hereof, to submit a stipulated form of final order or judgment, or request an extension of time, should they so choose or for any party to move to reopen the action, upon good cause being shown. After that SIXTY (60) day period, however, without further order, this dismissal shall be deemed with prejudice. The Clerk is directed to terminate any previously scheduled deadlines and thereafter CLOSE this case.

(Doc. # 124).

## II. Analysis

Archer Western Contractors (Archer Western) moves the Court to reopen this action. (Doc. # 125). Archer Western also moves the Court to modify its April 12, 2016, Order so that the dismissal of the third-party claims against M.C. Dean is without prejudice. (Id.).

### A. Good Cause to Reopen

5

The Court's April 12, 2016, Order established two criteria for reopening this action: viz., that (1) a motion to reopen be filed within 60 days and (2) the movant show good cause. (Doc. # 124). Archer Western's Motion is timely and, thus, the Court turns to whether good cause exists.

M.C. Dean argues the Motion should be denied because Archer Western waived the third-party claims against it. (Doc. # 126). Although M.C. Dean's argument, which relies on the doctrines of waiver and *res judicata*, has an initial appeal, a review of the settlement agreement militates against a finding of waiver.

"Waiver is the voluntary, intentional relinquishment of a known right." Glass v. United of Omaha Life Ins. Co., 33 F.3d 1341, 1347 (11th Cir. 1994). Archer Western's actions, however, do not evince a voluntary and intentional relinquishment of a known right. Although the notice of settlement is couched in broad terms, Archer Western included a caveat that the paperwork still needed to be signed. (Doc. # 123). In addition, a review of the settlement agreement reveals Archer Western attempted to preserve its rights to subsequently pursue a cause of action against M.C. Dean. (Doc. # 125-1 at 1) (". . . provided, however, . . . this is not intended to bar any potential claim against **M.C. DEAN, INC.,**

and its insurers for fees and costs expended by **ARCHER WESTERN CONTRACTORS, LLC,** as a result of **M.C. DEAN, INC.'S** failure to defend **ARCHER WESTERN CONTRACTORS, LLC,** in the Litigation."). M.C. Dean did not sign the settlement agreement, but there is a page for its signature. (Id. at 7). Moreover, the instant Motion is itself support for not finding waiver.

As to the *res judicata* aspects of M.C. Dean's argument, the citations to Epic Metals Corp. v. H.H. Robinson Co., 870 F.2d 1574 (Fed. Cir. 1989), and Norfolk Southern Corp. v. Chevron, U.S.A., Inc., 371 F.3d 1285 (11th Cir. 2004), are unpersuasive. In Epic Metals, the court addressed whether a party adequately reserved the right to litigate the validity of a patent in a consent judgment so as to be permitted to litigate the issue in a subsequent action. 870 F.2d at 1576-77. The court first noted a consent judgment has the same effect as a final judgment entered after a trial on the merits for *res judicata* purposes. Id. at 1576 (citations omitted). The court then noted that, while the party had reserved some rights in the consent judgment, it had not explicitly reserved the right to challenge the validity of the patent. Id. at 1577. As such, the court held that the party was barred from contesting the patent's validity. Id.

In Norfolk Southern, the Eleventh Circuit addressed a related issue: whether and to what extent a Rule 41 dismissal based on a settlement agreement has an effect for purposes of *res judicata*. 371 F.3d at 1288-90. Before Norfolk Southern, parties in a prior action that arose from an oil leak reached a settlement and the district court dismissed the action on that basis. Id. at 1287. Subsequent thereto, the Norfolk-Southern plaintiff became the successor-in-interest to the plaintiff in the earlier action, and the Norfolk-Southern defendant became the successor-in-interest to the defendant in the earlier action. Id. The plaintiff in Norfolk Southern discovered contaminants from the leak had intruded into a nearby marsh, incurred costs for the additional clean up, and sued seeking reimbursement from the defendant. Id. The defendant moved for summary judgment on the grounds that the settlement agreement entered into in the earlier action barred the plaintiff's claims under *res judicata*. Id. at 1288. The district court granted the defendant's motion. Id.

The plaintiff appealed. On appeal, the Eleventh Circuit held that, while dismissals under Rule 41 premised on settlements carry with them a *res judicata* effect, the effect is controlled by the settlement agreement. Id. at 1288-89. The court then determined the preclusive effect of the

8

settlement agreement by effectuating the parties' intent. Id. at 1289. The court did so by analyzing the language of the settlement agreement. Id. Because the settlement agreement did not show an intention to bar claims for the additional clean-up costs, the court reversed. Id. at 1291.

M.C. Dean attempts to apply Epic Metals and Norfolk Southern to this case; however, the locus of its application is misplaced. Rather than focusing on the settlement agreement, M.C. Dean focuses on the notice of settlement, arguing the notice of settlement carries with it an effect for *res judicata* purposes. The Court disagrees. The notice of settlement filed by Archer Western was merely that, a notice to the Court. Additionally, it is noteworthy that in Norfolk Southern the court focused on the actual settlement agreement. To be sure, the settlement agreement is what binds the signatories. And, a review of the settlement agreement demonstrates that unlike in Epic Metals, but similar to Norfolk Southern, Archer Western included explicit language reserving its right to seek damages from M.C. Dean in a subsequent action. Of course, M.C. Dean did not sign the settlement agreement (Doc. # 125-1 at 7), but that supports the conclusion that this action should be reopened.

9

Having dispensed of M.C. Dean's arguments, the Court finds good cause to reopen the action. The entire action was dismissed on the basis of a notice of settlement, but the parties were granted 60 days to move to reopen the action upon good cause shown. Despite the notice of settlement, a settlement agreement was not actually entered into by Archer Western and M.C. Dean. The failure to consummate a settlement agreement is good cause to reopen this action. See, e.g., United States v. Persaud, No. 6:02-cv-1528-Orl-22JGG, (Doc. # 147) (M.D. Fla. Mar. 1, 2005) (granting motion to reopen after case was dismissed and conditional settlement fell through); Hitchock v. Orange Cty., Fla., No. 6:04-cv-1722-Orl-28JGG, (Doc. # 46) (M.D. Fla. June 21, 2006) (granting motion to reopen after case was dismissed in light of a settlement and where settlement agreement was not consummated).

The action, however, is only reopened as between Archer Western and M.C. Dean. The record before the Court indicates a settlement agreement was reached between Twin City and Archer Western and, as such, there is no cause to reopen the action as between the same. Therefore, the Court's April 12, 2016, Order shall remain in force with respect to the action between Twin City and Archer Western.

### B. Dismissal Without Prejudice and Rule 41(a)(2)

Although Archer Western titles its Motion as a motion to modify, in actuality the Motion requests a voluntarily dismissal of the third-party action against M.C. Dean under Rule 41(a)(2). As such, the Court construes the Motion as a motion for voluntarily dismissal under Rule 41(a)(2). See Perez v. Wells Fargo N.A., 774 F.3d 1329, 1331 (11th Cir. 2014) ("A '[r]ose is a rose is a rose is a rose.' And a motion for an entry of default judgment is a motion for an entry of default judgment is a motion for an entry of default judgment is a motion for an entry of default judgment—even if its writer calls it a motion for judgment on the pleadings.") (internal footnote omitted).

Archer Western seeks a dismissal without prejudice in order to avoid "the unanticipated result of precluding Defendant/Third-Party Plaintiff from pursuing its indemnity/breach of contract claim in state court . . . ." (Doc. # 125 at ¶ 7). "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "A district court enjoys broad discretion in determining whether to allow a voluntary dismissal under

11

Rule 41(a)(2) . . . ." Arias v. Cameron, 776 F.3d 1262, 1268 (11th Cir. 2015).

"Generally speaking, a motion for voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit." Id. In determining whether to grant a Rule 41(a)(2) dismissal, "[t]he court's task is to 'weigh the relevant equities and do justice between the parties.'" Goodwin v. Reynolds, 757 F.3d 1216, 1219 (quoting McCants v. Ford Motor Co., Inc., 781 F.2d 855, 857 (11th Cir. 1986))." Furthermore,

> [i]t is no bar to a voluntary dismissal that the plaintiff may obtain some tactical advantage over the defendant in future litigation. Dismissal may be inappropriate, however, if it would cause the defendant to lose a substantial right. Another relevant consideration is whether the plaintiff's counsel has acted in bad faith.

Id. (internal citations and quotation marks omitted). The default under Rule 41(a)(2) is that a dismissal thereunder is without prejudice. Arias, 776 F.3d at 1268.

After weighing the equities and reviewing the record, the Court determines a Rule 41(a)(2) dismissal is appropriate. The third-party action against M.C. Dean was not instituted until February 1, 2016. (Doc. # 103). Twenty-one days after M.C. Dean served its answer, the Court entered its April 12, 2016, Order dismissing the action. In addition, a

review of the record demonstrates M.C. Dean has only served two filings, its answer and a response to the instant Motion. (Doc. ## 121, 126). Archer Western also represents to the Court that "[n]o discovery has been sought by M.C. Dean" and that "[w]hile discovery was propounded upon M.C. Dean, it never responded to that discovery prior to settlement." (Doc. # 125 at 4). M.C. Dean does not dispute Archer Western's representation as to the extent of discovery. (Doc. # 126).

In short, the third-party action was in its infancy when the Court's dismissal Order was entered. In light of the limited extent of litigation between Archer Western and M.C. Dean, along with the fact that a settlement has been reached between Twin City and Archer Western, the Court exercises its broad discretion to dismiss the third-party action without prejudice. Furthermore, the dismissal is granted without the imposition of conditions given the very limited litigation that occurred before the Court's dismissal Order was entered, as well M.C. Dean's failure to request conditions be imposed on the dismissal.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant/Third-Party Plaintiff Archer Western Contractors, LLC's "Motion for Good Cause to Reopen Case

to Modify Endorsed Order of April 12, 2016 [Docket #124]" (Doc. # 125) is **GRANTED** as provided below:

(a) The Court's April 12, 2016, Order remains effective as between Twin City and Archer Western Contractors. As such, this action **SHALL REMAIN CLOSED** as between Twin City and Archer Western Contractors. However, this action is **REOPENED** as between Archer Western Contractors and M.C. Dean.

(b) Archer Western Contractors' third-party action is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(a)(2).

(2) Thereafter, the Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 14th day of July, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE